Sipperly agt. Warner.

---

## SUPREME COURT.

### SIPPERLY agt. WARNER.

A cause is "*necessarily*" on the calendar, (§ 307, *sub.* 8,) when it is ready for trial, and regularly put there by the party noticing it.

Where a cause, before being reached on the calendar at the circuit, is referred

Sipperly agt. Warner.

or postponed by stipulation or consent of the respective attorneys, the success-
ful party is entitled to tax $10 costs for that circuit.

But where the successful party, against the consent of the other, procures a ref-
erence or postponement, he is not entitled to such fee.

*Albany Special Term, Jan.* 1854. Appeal from taxation of
costs.

The action being at issue was noticed for trial at the circuit
held in Albany, in June, 1853. After the commencement of
the circuit and before the cause was reached upon the calendar
it was referred by consent of the attorneys for the parties.
The plaintiff having obtained a report in his favor, claimed,
upon the taxation of his costs, to be allowed a fee of $10 for
the June circuit. This item was objected to, and disallowed
by the clerk. The plaintiff moved for a retaxation.

. MARTIN I. TOWNSEND, *for Plaintiff.*
T. C. SEARS, *for Defendant.*

HARRIS, Justice. I think the fee in question should have
been allowed to the plaintiff. The cause was " *necessarily* " on
the calendar, for by the term " necessarily," I suppose nothing
more is intended than that the cause should be *regularly* or
*properly* upon the calendar. In other words, the cause is
*necessarily* on the calendar, when, being at issue and in readi-
ness for trial, the party who has noticed it for trial has put it
on the calendar for the purpose of trying it, if he has an oppor-
tunity.

The cause was also *postponed.* It is true that the order
which had the effect to postpone the trial was entered by the
consent of the parties, yet it is not the less true that the cause
was *postponed.* I concur in the decisions which hold that
where a cause, being on the calendar, is postponed upon the
application of one party, against the will of the other, the
party obtaining the postponement shall not afterward be al-
lowed a fee for attending that circuit. It would be obviously
unjust to allow a party who had been successful in the action
to charge the unsuccessful party his costs for attending a cir-
cuit, after having himself prevented the cause from being tried

at such circuit.    There is nothing in the provision of the Code upon this subject which requires such a construction.

It was upon this distinction that the decision in Perry agt. Livingston (6 *How*. 404) was founded.    The cause was upon the calendar for trial.    It was referred, upon motion of the defendants, and against the objection of the plaintiff.    The defendants having succeeded upon the trial, sought to charge the plaintiff with the costs of the circuit at which the cause had been thus postponed at the instance of the defendants, and against the plaintiff's will.    It was properly held, that this could not be done.    Hinman agt. Bergen (3 *Code R*. 225) is to the same effect.    On the other hand, in Burton agt. Shelden, (1 *Code R*. 134,) where, as in this case, the cause being on the calendar, was referred by stipulation, it was held, that the successful party was entitled to tax a fee of $10 for the circuit at which the cause was thus postponed.    An order must be entered directing the clerk to amend the entry of costs in the judgment by adding the item thus improperly rejected.